IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| JIMMY ADDISON, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C. A. No. 4:14-CV-193 |
| | § | |
| STANLEY BLACK & DECKER, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. 17). As set forth below, the motion is DENIED.

**BACKGROUND**

Plaintiff, Jimmy Addison, was employed as a Senior Product Research Analyst on the Discovery Team at Defendant, Stanley Black & Decker, Inc. ("SBD"). In his complaint, Plaintiff alleges a single violation of the Texas Commission on Human Rights Act ("TCHRA"), as codified in the Texas Labor Code § 21.001, *et seq*.[1] Specifically, Plaintiff alleges that Defendant violated Chapter 21 of the Texas Labor Code by terminating an employee who was over the age of forty at the time of his termination. *See* Dkt. 2 at 40. Plaintiff further claims that employees under the age of forty were not terminated or treated in the same manner. *See id.* Defendant removed this case based on diversity jurisdiction.

---

[1] Plaintiff does not bring any claims of discrimination under federal law.

1

In the pending motion for summary judgment, Defendant SBD argues that Plaintiff's age discrimination claim fails as a matter of law because Plaintiff cannot establish that he was replaced, cannot show that he was otherwise discharged because of his age, and cannot demonstrate pretext or show that his age motivated SBD's decision to terminate his employment. *See* Dkt. 17. Additionally, Defendant argues that SBD terminated Plaintiff for a legitimate, non-discriminatory reason. *See id.*

Plaintiff responds that SBD wrongfully terminated him because of his age in violation of the TCHRA. *See* Dkt. 20. Plaintiff argues that a *prima facie* case of age discrimination can be established because Defendant replaced Plaintiff and, in the alternative, discharged him because of his age. *See id.* Plaintiff alleges that another employee over the age of forty was also terminated and that SBD terminated the two oldest members on the Discovery Team. *See* Dkt. 20 at 356. Plaintiff further alleges that Defendant continued to employ and hire individuals on the Discovery Team in the role of Product Research Analyst, conducting qualitative research. *See* Dkt. 2. Plaintiff alleges that, of the four individuals hired on SBD's Discovery Team, three individuals were in their twenties, and one individual was thirty years old. *See* Dkt. 20 at 356.

Plaintiff further argues that Defendant's reasons for terminating him are pretextual and inconsistent because Plaintiff was qualified and capable of performing quantitative research. *See id.* Plaintiff further argues that Defendant's decision to centralize the Discovery Team to the East Coast was made after Plaintiff's discharge, that Defendant's other reasons for termination are also pretextual, and that age was the motivating factor in Defendant's decision to discharge Plaintiff. *See id.*

The Court addresses the record before it.

**STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes

a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

**EVIDENCE PRESENTED**

In support of its motion, Defendant SBD submits the following evidence: (1) Declaration of Talley R. Parker; (2) Exhibit A: Declaration of Tracie Gildea; (3) Exhibit A-1: Jimmy Addison's 2009 Performance Review; (4) Exhibit A-2: Jimmy Addison's 2010 Performance Review; (5) Exhibit A-3: Jimmy Addison's 2011 Performance Review; (6) Exhibit A-4: "You've Done Something Great" Award; (7) Exhibit A-5: Emails Re: Available Positions for Jimmy Addison; (8) Exhibit A-6: Emails Re: Available Positions for Jimmy Addison; (9) Exhibit A-7: Emails Re: Available Positions for Jimmy Addison; (10) Exhibit A-8: Emails Re: Available Positions for Jimmy Addison; (11) Exhibit A-9: Emails Re: Available Positions for Jimmy Addison; (12) Exhibit B: Excerpts from the Deposition of Jimmy Addison; (13) Exhibit C: Excerpts from the Deposition of Tracie Gildea; (14) Exhibit D: Excerpts from the Deposition of Monica Durant; (15) Exhibit E: Declaration of Monica Durant; (16) Exhibit E-1: Email Regarding Discovery Team Expenses; (17) Exhibit E-2: Email Regarding Discovery Team Expenses; (18) Exhibit E-3: Email Regarding Jimmy Addison's Expenses; and (19) Exhibit F: Declaration of Stephen Subasic. Dkt. 18 - 18-19.

In response to the motion for summary judgment, Plaintiff attaches the following evidence: (1) Declaration of Daryl Sinkule; (2) Exhibit A: Declaration of Jimmy Addison; (3) Exhibit B:

Deposition of Jimmy Addison; (4) Exhibit C: Jimmy Addison's 2005 Performance and Development Review Manager Assessment; (5) Exhibit D: Jimmy Addison's 2006 Performance and Development Review Manager Assessment; (6) Exhibit E: Jimmy Addison's 2011 Performance and Development Review Manager Assessment; (7) Exhibit F: Jimmy Addison's 2007 Performance and Development Review Manager Assessment; (8) Exhibit G: Jimmy Addison's 2009 Performance and Development Review Manager Assessment; (9) Exhibit H: Jimmy Addison's 2010 Performance and Development Review Manager Assessment; (10) Exhibit I: Deposition of Tracie Gildea, attaching Exhibits 14, 15, 16, 17, 18, 19, 20, and 21 from Deposition of Tracie Gildea; (11) Exhibit J: Deposition of Monica Durant, attaching Exhibit 3 from Deposition of Monica Durant; and (12) Exhibit K: Defendant's Objection and Answers to Plaintiff's First Set of Interrogatories. Dkt. 21-1 - 21-21.

**ANALYSIS**

The Court has reviewed the summary judgment record and finds that Plaintiff has raised a genuine issue of material fact as to whether Defendant wrongfully discharged him in violation of the Texas statute.

Under the TCHRA, "an employer commits an unlawful employment practice if, because of race, color, disability, religion, sex, national origin, or age, the employer...discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LAB. CODE ANN. § 21.051. The Texas Legislature has indicated that Texas courts should look to federal law for guidance on interpreting the TCHRA. TEX. LAB. CODE ANN. § 21.001(1). When a plaintiff does not have direct evidence of discrimination and relies on circumstantial evidence, Texas courts apply the three-step, burden-shifting framework to age discrimination claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372

S.W.3d 629, 633-34 (Tex. 2012) (citing *McDonell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)) (establishing the three-part procedure for examining a disparate-treatment claim in the absence of direct evidence of discrimination).

To establish a *prima facie* case of discriminatory treatment based on age, a plaintiff must show: (1) he is within the protected class; (2) he was discharged; (3) he is qualified for the position; and (4) he was replaced by someone outside of the protected class or was otherwise discharged because of his age. *Russo v. Smith Int'l, Inc.*, 93 S.W.3d 428, 435 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A protected class member under the TCHRA includes individuals who are forty years or older. TEX. LAB. CODE ANN. § 21.101.

Once a plaintiff establishes a *prima facie* case, the defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Black v. Pan Am. Labs.*, 646 F.3d 254, 259 (5th Cir. 2011). This is a burden of production, not persuasion, on the defendant's part, and it "can involve no credibility assessment." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742 (1993). If the defendant meets this burden, the plaintiff must then establish that the employment action was ultimately the result of intentional discrimination. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005); *Michael v. City of Dallas*, 314 S.W.3d 687, 691 (Tex. App.—Dallas 2010, no pet.).

To establish intentional discrimination, the plaintiff must show "either (1) the reason stated by the employer was a pretext for discrimination, or (2) the defendant's reason, while true, was only one reason for its conduct and discrimination is another motivating factor ('mixed motive')." *Michael*, 314 S.W.3d at 691 (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *McCoy v. Texas Instruments, Inc.*, 183 S.W.3d 548, 554 (Tex. App.—Dallas 2010, no pet.)).

Although the causation standard has changed as to some discrimination claims under federal law, the Texas Supreme Court has held that, under the TCHRA, a plaintiff need only prove that age discrimination was a "motivating factor" in the termination decision. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001). *See also Peterson v. Bell Helicopter Textron, Inc.*, 788 F.3d 384, 387 (5th Cir. 2015).

In this case, the first three elements to establish a *prima facie* case are not in dispute. *See* Dkt. 17 at 126; Dkt. 20 at 367. It is the fourth element over which the parties disagree.

There are two ways for the plaintiff to satisfy the fourth element of a *prima facie* case. *Michael*, 314 S.W.3d at 690-91. The plaintiff can show that (1) he was replaced or (2) he can show that he was otherwise discharged because of his age. *Id.* A former employee has been replaced when only his position is eliminated and his former duties are "absorbed" by other co-workers outside the protected class. *Howard v. United Parcel Serv. Inc.*, 447 Fed. App'x 626, 629 n. 2 (5th Cir. 2011); *Bray v. All Saints Camp & Conf. Ctr., Inc.*, 2012 WL 1986513, *5 (E.D. Tex. 2012); *Weddle v. Safety-Kleen Systems, Inc.*, 2012 WL 2505730, *7 (E.D. Tex. 2012).

In this case, Plaintiff contends that, following his termination, two other employees, both younger than Plaintiff, assumed some or all of the job functions, or variances of the job functions, which he performed as Senior Product Research Analyst. *See* Dkt. 20 at 368. For the purposes of summary judgment, there is sufficient evidence in the record to show that he was replaced because his duties were absorbed by other employees outside of the protected class. *See e.g.* Dkt. 17 at 109; Dkt. 21-21 at 537-38.

There is also sufficient evidence to create a fact issue that the Plaintiff was otherwise discharged because of age. Defendant contends that Plaintiff was terminated because SBD was

7

eliminating his job and qualitative research. *See* Dkt. 17 at 127-29. Defendant argues that there is no basis for age discrimination because the Director of Global Marketing of Hand Tools & Storage, Tracie Gildea, was the ultimate decision maker and was a member of Plaintiff's protected class at the time of termination. *See id.* Defendant also argues that Plaintiff's testimony that salary motivated SBD's decision to terminate his employment is fatal to an age discrimination claim. *See id.* However, the Court is not convinced that the testimony can be evaluated in such an isolated manner. Plaintiff has come forward with other sufficient evidence to demonstrate a fact issue regarding his age, including: the continued employment of a younger employee in the Product Research Analyst position that continues to conduct qualitative research; the receipt of positive performance reviews and reward while employed; the hiring of new younger employees onto the Discovery Team under job postings that listed similar duties that Plaintiff performed for SBD during his employment; and the termination of another employee in the same protected class as Plaintiff. *See e.g.,* Dkt. 20 at 368-70; Dkt. 21-2 at 389; Dkt. 21-3 at 406-07; Dkt. 21-10 at 447-53; Dkt. 21-11 - 21-18; Dkt. 21-19 at 507-08, 510-11, 522-25; Dkt. 21-21 at 543-44.

Finding that Plaintiff has offered sufficient evidence to establish a *prima facie* case, the Court turns to Defendant's burden and finds that Defendant has offered a legitimate, non-discriminatory reason for discharging him—the Discovery Team model was changed to primarily focus on quantitative research rather than qualitative research and was centralized to the East Coast prior to Plaintiff's termination. *See* Dkt. 17 at 129; Dkt. 18-2 at 144; Dkt. 18-13 at 277-79; Dkt. 18-15 at 322-23.

Plaintiff has alleged that these reasons are pretextual for a variety of reasons (many of which are discussed above), including: Defendant's proffered reasons for termination are inconsistent;

Plaintiff was experienced and had the requisite skills to conduct quantitative research; and the decision to centralize the Discovery Team to another location was made after SBD terminated Plaintiff. *See* Dkt. 20 at 371-76. Plaintiff further questions SBD's allegations of overspending, failure to take supervisor's direction, and failure to use quantitative research skills. *See id.* In order to show pretext, the plaintiff must provide evidence to refute each of the defendant's articulated non-discriminatory reasons. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001). If the plaintiff can prove that "the evidence of pretext is substantial, the plaintiff may create a genuine issue of material fact without independent evidence that discrimination was the real reason for the adverse employment action." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 903 (5th Cir. 2000). The Court finds that Plaintiff has offered sufficient evidence of pretext to create a fact issue for trial.

Defendant contends that Plaintiff's testimony about salary motivating SBD's decision to terminate him was in fact fatal to his TCHRA claim. *See* Dkt. 17 at 130. Although the elements of an age discrimination claim are essentially the same under the TCHRA as they are for claims under federal law, and state courts look to analogous federal statutes and the cases interpreting them to guide the reading of the TCHRA, the Texas Supreme Court has held that, under the TCHRA, a plaintiff need only prove that age discrimination was "a motivating factor" in the defendant's termination decision. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001). Because Plaintiff is alleging a violation of the TCHRA, Plaintiff does not have to prove that age was the "but for" cause of his termination, but rather age discrimination was a "motivating factor" in his termination. *Peterson v. Bell Helicopter Textron, Inc.*, 788 F.3d 384, 387 (5th Cir. 2015) (the "motivating factor" standard applies in all TCHRA claims, but a "but for" causation standard applies to federal age discrimination claims.). Plaintiff's testimony that his higher salary influenced his

9

termination is, therefore, not fatal to his claim under the "mixed motive" standard of the TCHRA because it is one of the many reasons he cites to in order to show that Defendant terminated his employment on the basis of age. *See* Dkt. 20 at 377; Dkt. 21-3 at 402-04; 413. Plaintiff has provided sufficient evidence of other motivating factors, including: SBD terminating the two oldest members of the Discovery Team; SBD hiring a significantly younger person; SBD not eliminating his position; and individuals on the Discovery Team continuing to perform qualitative research. *See id.* Based on the evidence before the Court, the Court finds that there is a fact issue as to whether age was a motivating factor in the decision to terminate Plaintiff, and the Court will not find as a matter of law Plaintiff's TCHRA claim fails.

For these reasons, the Court DENIES Defendant's Motion for Summary Judgment (Dkt. 17) as to Plaintiff's claim of age discrimination in violation of the Texas Labor Code, and the case shall proceed to trial.

**SO ORDERED**.

**SIGNED this 18th day of November, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE